# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**DION L. LUTHER**                                                                          **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 5:17CV-P138-TBR**

**RANDY WHITE et al.**                                                                  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff, Dion L. Luther, proceeding *pro se* and *in forma pauperis*, initiated this civil-rights action. This matter is now before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, some of Plaintiff's claims will be dismissed, and others will be allowed to proceed.

### I. STATEMENT OF FACTS

Plaintiff is incarcerated at the Kentucky State Penitentiary (KSP). He sues the following KSP employees in their individual and official capacities: Warden Randy White; Deputy Warden Skyla Grief; Program Coordinator Dan Smith; Lieutenants Terry Peede and Jesse Coombs; and Sergeant George Rodriguez.

Plaintiff alleges that he arrived at KSP on January 12, 2017, at which time he was informed by Defendant Coombs that he would have to comb out his dreadlocks; Plaintiff refused to do so based on his religion -- Bobo Shanti Ras Tafari. Plaintiff alleges that he was then placed in a very small security booth where Defendant Peede gave him a comb and a memorandum from Defendant White stating that dreadlocks are not allowed in the restrictive housing unit (RHU).

Plaintiff alleges that when he did not comb out his dreadlocks, Defendant Rodriguez volunteered to remove the dreadlocks with clippers.  Plaintiff alleges that his dreadlocks were forcefully removed in violation of the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act (RLUIPA).  He asserts that Defendant Rodriguez yanked at his hair, causing multiple lacerations on the back of Plaintiff's head, where he developed a rash because the clippers were unsanitary.  Plaintiff states that he was given no medical attention for the lacerations or rash.

Plaintiff next alleges that on April 18, 2017, he brought to the attention of then-chaplain John Neece that he is obligated as part of his religion to wear a turban to become a priest of Emperor Haile Selassi, but Chaplain Neece denied Plaintiff's request after consulting the Kentucky Department of Corrections (KDOC) Religious Reference Manual.  Plaintiff states that he then filed a grievance and "reached out" to Deputy Warden Steven Ford for help in getting a turban approved.  After researching the issue, Deputy Warden Ford and Chaplain Neece agreed that Plaintiff would be allowed to purchase the "Crown Yari Ras Tafari headcovering[] as long as it does not exceed the length of the Sikhs turban length documented in the KDOC religious reference manual."  However, Plaintiff states that Defendant Smith is now controlling the chaplain's operation and has denied Plaintiff the opportunity to wear the turban in violation of the First Amendment and RLUIPA.  He also alleges that Defendant Smith denied both of Plaintiff's grievances "to thwart Plaintiff from taking advantage of the grievance procedure."

Plaintiff next alleges that upon his arrival at KSP on January 12, 2017, his property was "processed," but he was not allowed to review his property at that time.  Three days later, Plaintiff states that he was given an inmate property form, at which time Plaintiff noticed that his religious medallions and head gear had been confiscated.  According to the complaint, Plaintiff

was told that his medallion was confiscated because it was homemade and that his headgear was confiscated for being over the limit for religious headgear. Plaintiff alleges that the KDOC Policy and Procedures provides that an inmate may have up to three religious headgears and that the KDOC Religious Reference Manual does not require a specific type of medallion. He asserts that he was not given an opportunity to send his religious property home. He alleges that his First and Fourteenth Amendment and RLUIPA rights were violated by the confiscation of his religious property. He also states that Defendant Smith never responded to a grievance written on January 17, 2017.

Finally, Plaintiff alleges that he was denied his religious diet while KSP was on "lockdown." He states that during this time, which lasted "weeks," inmates were only provided with sack lunches consisting of bologna, milk, fruit, and chips. However, he alleges, that as part of his religion, he abstains from all animal products, "vine foods," and sugar. He states that when he attempted to refuse the sack lunches, he was told that he would be put on "hunger strike" and taken to the RHU. He alleges that Defendant Grief told him that he would have to be satisfied with the substitute for bologna, *i.e.*, white cheese. He states that when he told Defendant Grief that white cheese is what he wanted, Defendant Grief became frustrated and stormed off. Plaintiff alleges that he filed grievances regarding his diet after he had already been mal-nourished for "8 days, and 18 plus meals." He alleges that this refusal to accommodate his diet during the lockdown violated his First, Eighth, and Fourteenth Amendment and RLUIPA rights.

Plaintiff attaches a number of documents to his complaint, including copies of grievances he filed.

As relief, Plaintiff asks for monetary damages and injunctive relief in the form of allowing Rastafarians to wear dreadlocks and to allow Plaintiff to wear a turban.

## II. ANALYSIS

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### Official-capacity claims for money damages

Plaintiff's claims for damages against Defendants in their official capacities must be dismissed. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendants are officers of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks damages from state officers in their official capacities, he fails to allege cognizable claims against them under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for damages against all Defendants in their official capacities, *Kentucky v. Graham*, 473 U.S. at 169, including the monetary-damages claims under RLUIPA. *See Sossamon v. Texas*, 536 U.S. 277, 285 (2011) (holding that RLUIPA generally authorizes only injunctive relief and does not waive a state's sovereign immunity from suit for money damages); *Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009) ("[T]he Eleventh Amendment bars plaintiff's claim for monetary relief under RLUIPA."). For these reasons, the official-capacity claims for damages against all Defendants will be dismissed.

**Individual-capacity claims**

*Claims against Defendant Grief*

Plaintiff alleges that Defendant Grief told him that he would have to be satisfied with the substitute for bologna, and when he told her that this substitution is what he wanted, she became frustrated and stormed off. Thus, according to the complaint, Defendant Grief did not deny him his requested substitution for bologna. Nor does her alleged frustration with Plaintiff rise to the level of a constitutional violation. Even had she taken out her frustration on Plaintiff verbally, which Plaintiff does not allege, such would not be a constitutional violation. *See, e.g.*, *Johnson v. Moore*, 7 F. App'x 382, 384 (6th Cir. 2001) ("Allegations of verbal harassment and verbal abuse by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment."). The claims against Defendant Grief will be dismissed for failure to state a claim upon which relief may be granted.

*Claims related to grievances*

Plaintiff alleges that Defendant Smith denied both of Plaintiff's grievances "to thwart Plaintiff from taking advantage of the grievance procedure" and that Defendant Smith never responded to a grievance written on January 17, 2017.

There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003); *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to

liability under § 1983.") (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Thus, the Court will dismiss Plaintiff's claims related to his prison grievances for failure to state a claim upon which relief may be granted.

*Remaining claims*

The Court will allow the remaining claims against Defendants White, Smith, Peede, Coombs, and Rodriguez to go forward. In doing so, the Court expresses no opinion on the ultimate merit of those claims.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's official-capacity claims for damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and § 1915A(b)(2) for seeking monetary relief from Defendants immune from such relief. The official-capacity claims for injunctive relief related to allowing Rastafarians to wear dreadlocks and to allowing Plaintiff to wear a turban will proceed.

**IT IS FURTHER ORDERED** that Plaintiff's claims related to his grievances and against Defendant Grief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to terminate Skyla Grief as a Defendant in this action.

The Court will enter a separate Order Regarding Service and Scheduling Order to govern the development of the remaining claims.

Date:

cc: Plaintiff, *pro se*
      Defendants
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009