# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**DION L. LUTHER**                                                                                   **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 5:17CV-P138-TBR**

**RANDY WHITE et al.**                                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Dion L. Luther has filed a motion to supplement the complaint (DN 16). Defendants have responded (DN 18). The matter being ripe, the Court will grant the motion in part and deny it in part for the following reasons.

## I.

On initial review, the Court allowed to go forward Plaintiff's First, Eighth, and Fourteenth Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) claims against Defendants Randy White, Dan Smith, Terry Peede, Jesse Coombs, and Gage Rodriguez, all employed at the Kentucky State Penitentiary (KSP). The complaint included allegations that Plaintiff's dreadlocks were forcibly removed, even though as a Bobo Shanti Ras Tafari, Plaintiff's religion requires him to have dreadlocks, and that Plaintiff has been refused permission to wear a turban, also a violation of his religious rights.

In his motion to supplement, Plaintiff alleges that on September 18, 2017, he received a memorandum regarding his ability to purchase incense for the Ras Tafari community. He alleges that Skyla Grief informed Defendant Dan Smith, the chaplain, that Ras Tafari shall not be permitted to purchase incense and, therefore, Defendant Smith denied Plaintiff's right to purchase and use sacred incense. He states that Defendant Smith later produced a document from an unknown source dictating that scented oil is to be used in lieu of incense. Defendant

Smith told Plaintiff that the document had come from Director of Operations Chris Kleymeyer, who is in charge of religious operations of the Kentucky Department of Corrections (KDOC). Plaintiff states that in a memorandum dated December 1, 2017, KDOC Commissioner James Erwin concurred with the "arbitrary practices" of denying Plaintiff's right to use incense. Plaintiff alleges that Erwin, Kleymeyer, Grief, and Smith violated the First Amendment and RLUIPA by denying Plaintiff's right to purchase and use incense. He further alleges that Erwin violated his Fourteenth Amendment Equal Protection Clause rights and that Smith and Kleymeyer violated his rights by failing to protect him.

Plaintiff attaches the following: a memorandum from Smith to Plaintiff dated September 15, 2017, three days after the date of Plaintiff's complaint in this action, informing him that incense is henceforth to be replaced by scented oils; a 2008 excerpt from a document providing that incense is one of the "congregate religious items" of Rastafaria; Erwin's denial of Plaintiff's grievance regarding, in part, use of incense because "inmates are only allowed to purchase non-flammable scented oil since incense is a fire safety issue"; and an excerpt from a document stating next to "Rastafari" the following: "Scented Oil (in lieu of incense)[.]"

In response (DN 18), Defendants argue that the motion to supplement as to Erwin should be denied because Plaintiff's claim relates only to Erwin's denial of a grievance.

Defendants also argue that Plaintiff fails to state a claim against any of the people named in the motion to supplement because Plaintiff admits that inmates are allowed to possess non-flammable prayer oils and KSP has a compelling interest in not providing inmates with incense for safety reasons. They argue that incense would require providing inmates with a means to light it, which would be dangerous, and that Plaintiff failed to argue that the non-flammable alternatives are insufficient to meet his religious needs.

## II.

Federal Rule of Civil Procedure 15(d) provides that a court may permit a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." While courts have broad discretion to allow a supplemental complaint to add new claims and new parties, generally, courts require some linkage between the claims asserted in the original pleading and those offered in the proposed supplemental pleading. *Diamond Elec., Inc. v. Knoebel Constr., Inc.*, No. CV 5:16-023-KKC, 2016 WL 6518625, at *2 (E.D. Ky. Nov. 2, 2016) (explaining that in considering whether to permit supplementation "courts look to the interrelation of the proposed new claims with those already pending against the defendant"). "'A court may deny leave to file a supplemental pleading where that pleading relates only indirectly, if at all, to the original complaint and the alleged cause of action arose out [of] an entirely unrelated set of facts.'" *Id*. at *2 (quoting *Nottingham v. Peoria*, 709 F. Supp. 542, 544 (M.D. Pa. 1988)). In addition, leave to supplement may be denied if it would be fairer and more orderly for Plaintiff to bring his new claims in another lawsuit. *See Martinez v. Hiland*, No. 5:13-CV-P182-GNS, 2017 WL 939009, at *2 (W.D. Ky. Mar. 9, 2017) (citing *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1229 (11th Cir. 2008)).

Defendants' response to the motion to supplement does not address whether the requirements of the rules related to supplementation as a procedural matter have been met. Instead, their response focuses solely on the merits of the claims with which Plaintiff wishes to supplement his complaint.

Here, Plaintiff wishes to supplement his complaint to add claims related to the denial of incense, which he alleges infringes his freedom of religion. This alleged denial arises out of a separate incident than those alleged in the complaint, but it is similar in subject-matter, *i.e.*, an

alleged infringement on his right to practice as a Bobo Shanti Ras Tafari. The Court therefore does not find that the proposed supplementation relates only indirectly or arose out of an entirely unrelated set of facts or that it would be fairer to require Plaintiff to bring these claims in a new lawsuit.

Nor does the Court find that it would be futile to allow supplementation of these claims, with the exception of the addition of Erwin as a defendant and of Plaintiff's equal-protection and failure-to-protect claims as explained below. Defendants do not successfully argue that Plaintiff has failed to state a claim under the Constitution or the RLUIPA.

To state a First Amendment free-exercise-of-religion claim, Plaintiff must allege facts from which an inference may be drawn that the government has placed "a substantial burden on the observation of a central religious belief or practice[.]" *Hernandez v. Comm'r Internal Revenue*, 490 U.S. 680, 699 (1989). Plaintiff's motion to supplement does so in asserting that "the use of incense is imperative to the Ras Tafari worship service(s) because it cleanses the tabernacle of the temple . . . and invites the 'Blessed Trinity' to enter into the service(s)."

While inmates clearly retain First Amendment protection to freely exercise their religion, *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987), the right is subject to reasonable restrictions and limitations related to legitimate penological interests. *Id.* at 350-53; *accord Turner v. Safley*, 482 U.S. 78, 89 (1987). Because the Court does not have evidence before it about the legitimacy of the security concerns that prevented the prison from no longer allowing Plaintiff to have incense, it cannot be said that allowing the supplementation would be futile.[1] *See Arauz v. Bell*, 307 F. App'x 923, 929 (6th Cir. 2009) (holding district court erred in dismissing freedom-of-religion

---

[1] Although Defendants argue that the restriction on incense is based on a legitimate security concern, they present no evidence.

claim as frivolous without information about security concerns preventing prisoner from attending congregate services and whether individual religious counseling was available).

"To state a RLUIPA claim, [Plaintiff] must allege facts tending to show that he seeks to exercise religious beliefs and that the challenged practice substantially burdens that exercise of religion." *Wallace v. Miller*, No. CIV. 09-342-JPG-PMF, 2012 WL 2412094, at *1 (S.D. Ill. Mar. 5, 2012) (citing *Koger v. Bryan*, 523 F.3d 789, 796 (7th Cir. 2008); 42 U.S.C. § 2000cc-2(b)). Again, Plaintiff does so in his motion to supplement.

If the government demonstrates that the "imposition of the burden on that person— (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest," no violation of the RLUIPA has taken place. 42 U.S.C. § 2000cc-1(a). While Defendants may ultimately be able to show a compelling governmental interest in discontinuing the use of incense and that such a prohibition is the least restrictive means of furthering that compelling interest, speculation that such is the case is not reason to deny Plaintiff's request to supplement.

However, Plaintiff's claim against Erwin has only to do with the denial of his grievance. It would be futile to grant this motion to supplement as to Erwin. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that a motion to amend a complaint under Rule 15(a) may be denied where the proposed amendments would be futile). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x. 839, 841 (6th Cir. 2003); *see also Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

Additionally, the Court will not allow supplementation with a claim that Erwin violated his Fourteenth Amendment Equal Protection Clause rights because such supplementation would be futile. "[N]othing in the complaint suggests that any similarly situated inmates of a different faith were treated more favorably than plaintiff, or that plaintiff was singled out for discriminatory treatment on account of his religion." *Barnes v. Fedele*, 760 F. Supp. 2d 296, 301 (W.D.N.Y. 2011). For instance, Plaintiff does not allege that other religions are allowed to procure and use incense. Moreover, any equal protection claim would be duplicative of his free-exercise claim. *Id*.

Similarly, supplementation to add a claim that Defendants Smith and Kleymeyer violated his rights by failing to protect him would be futile because his allegation that Defendant Smith and Kleymeyer failed to protect his religious freedom is also no different than his First Amendment/RLUIPA claims.

### III.

**IT IS ORDERED** that Plaintiff's motion to supplement with regard to First Amendment and RLUIPA claims against Dan Smith, Chris Kleymeyer, and Skyla Grief (DN 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to supplement with regard to Erwin and claims related to equal protection and failure to protect (DN 16) is **DENIED**.

The Clerk of Court is **DIRECTED** to add **Chris Kleymeyer and Skyla Grief** as Defendants in this case.

Smith is the only person already a Defendant. Accordingly,

**IT IS ORDERED** that Defendant Smith shall file his answer **within 21 days** of entry of this Memorandum Opinion and Order.

6

A separate Order Regarding Service and Revised Scheduling Order for Chris Kleymeyer and Skyla Grief will be entered.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (DN 20) is **DISMISSED without prejudice** to filing a motion for summary judgment at the appropriate time.

Date:

cc: Plaintiff, *pro se*
      Counsel of record
4413.009