UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:17-cv-00138-TBR-1

DION L. LUTHER,                                                                                    PLALINTIFF

v.

WHITE, et. al.,                                                                                     DEFENDANT

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon a Fourth Motion for Summary Judgment filed by Defendants Gage Rodriguez and Jesse Coombs. [DN 120.] Plaintiff Dion L. Luther, proceeding *pro se,* has not responded and the time has passed. As such, this matter is ripe for adjudication and, for the following reasons, **IT IS HEREBY ORDERED** Defendants' Motion for Summary Judgment is **GRANTED**.

### I.  Background

Inmate and *pro se* Plaintiff Dion Luther is a Bobo Ashanti Rastafari. [DN 1.] He is also a Kentucky State Penitentiary ("KSP") inmate. Luther alleges various constitutional and statutory violations while incarcerated, all concerning his Bobo Shanti Rastafarian faith. Luther arrived at KSP on January 12, 2017 with his hair in dreadlocks. [*Id.*] Upon arrival, Luther was to be placed directly in KSP's Restrictive Housing Unit. [*Id.*] During processing, Luther was approached by Defendant Jessie Coombs and was allegedly told that he must comb his dreadlocks out. [*Id.*] Luther refused, asserting that he was required to wear his hair in dreadlocks pursuant to his Bobo Ashanti Rastafarian faith. [*Id.*] Upon refusal, Coombs placed Luther in a security cage. [*Id.*]

Once in the cage, Defendant Terry Peede again told Luther to comb his dreadlocks out. [*Id.*] Again, Luther refused on religious grounds. [*Id.*]

At this point, Peede produced a memorandum from Warden White and showed it to Luther. [*Id.*] The memorandum allowed restricted housing inmates to have long hair but stated that inmates' hair must "remain free flowing" and prohibited "weaves, corn rows, braids, dreadlocks, twists, or any other hair style that would hinder or affect the security or operations of the unit." [DN 1 Pl.'s Compl. Ex. 1, Warden White Mem.] Along with the memo, Peede allegedly handed Luther a comb and told him he had thirty minutes to comb his hair out. [DN 1, Pl.'s Compl.] Luther refused to comply. [*Id.*]

After his thirty minutes lapsed, Luther was restrained, and his dreadlocks were cut off by Defendant Gage Rodriguez. [*Id.*] According to Luther, Rodriguez had to yank at his dreadlocks while cutting them off, and the clippers used were unsanitary. [*Id.*] Consequently, Luther allegedly suffered lacerations to the back of his head and developed a rash. [*Id.*]

Luther alleges that the forcible removal of his dreadlocks violated his right to religious exercise under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). [*Id.*] Luther further claims that in violently cutting his hair, Gage exhibited deliberate indifference towards his safety and subsequent medical need. [*Id.*] Luther's Eighth and First Amendment claims have been dismissed by the Court. [DN 94.] Luther's Fourteenth Amendment Due Process claims remain against Coombs and Rodriguez. Luther's injunctive relief claims under RLUIPA and the First Amendment for injunctive relief also remain.

Defendants now seek Summary Judgment on these claims.

## II. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matshushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonable find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence…of a genuine dispute…" Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment, "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Sys. Corp.,* 90 F.3d 1173, 1177 (6th Cir. 1996).

### III. Discussion

#### A. Plaintiff's Fourteenth Amendment Claims

Defendants assert Luther's Fourteenth Amendment claims should be analyzed under the First Amendment and dismissed due to the Court's previous dismissal of Luther's First Amendment claim. The Supreme Court in *Graham v. Connor* established the *Graham* rule.

*Graham v. Connor* 490 U.S. 386, 394-395 (1989). In *Graham,* Graham alleged police officers used excessive force in making an investigatory stop in violation of his Fourteenth Amendment rights. *Id.* at 390. The Court declined to analyze the claim under the Fourteenth Amendment; instead, Graham's claim was analyzed under the Fourth Amendment. *Id.* at 395. Where there is an Amendment that "provides an explicit textual source of constitutional protection…that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Id.* (internal quotations omitted).

The Sixth Circuit adopted this rule in *Ciminillo*. *Ciminillo v. Streicher,* 434 F.3d 461, 465 (6th Cir. 2006). The Court noted that the *Graham* rule only applies when a specific amendment covers the constitutional claim. *Id.* (citing *United States v. Lanier,* 520 U.S. 259, 272 n. 7 (1997)).

Here, Luther asserts the act of having his "sacred Dreadlocks forcefully shaven off" was a violation of his Constitutional rights. [DN 1-1.] Luther further asserts that dreadlocks are an essential part of the Bobo Ashanti faith and the removal of them interferes with his religious practice. [DN 28 PageID 254.] These claims amount to a claim of a First Amendment violation. Luther has not asserted any claims or facts, even when construed liberally, that are not covered by a specific amendment. The Court agrees with Defendants that Luther's arguments are better analyzed under the explicit protection of the First Amendment.

The Court previously dismissed Luther's First Amendment claims against Defendants due to qualified immunity. [DN 94.] Therefore, Luther's claim against Defendants must be dismissed.

### B. Plaintiff's Injunctive Relief Claim

Defendants assert Luther's First Amendment and RLUIPA claims for injunctive relief are moot. Plaintiff notified the Court on July 5, 2019 that he was transferred from the Kentucky State

Penitentiary to the Western Kentucky Correctional Complex. [DN 119.] Defendants argue that Luther's transfer invalidates his claim. The Court agrees.

Case law is settled in this area. In *Kensu,* the Sixth Circuit stated, "To the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail." *Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir. 1996). The Sixth Circuit has repeatedly affirmed that position stated in *Kensu. See Newell v. Ford,* No. 16-6449, 2016 WL 9737926, at *1 (6th Cir. Oct. 31, 2016); *Colvin v. Caruso,* 605 F.3d 282, 289 (6th Cir. 2010). Since Luther is no longer located in the Kentucky State Penitentiary, his claim for injunctive relief is moot.

## IV. Conclusion

For the reasons stated herein, Defendants' Fourth Motion for Summary Judgment, [DN 120], is **GRANTED**. There being no just reason for delay in its entry, this is a Final Order. The Court further certifies that an appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). **IT IS HEREBY ORDERED** that:

1.) Plaintiff's claims against Defendants Coombs and Rodriguez are hereby **DISMISSED WITH PREJUDICE**;

2.) Plaintiff's claim for injunctive relief is **DISMISSED AS MOOT.**

3.) Plaintiff's action is **DISMISSED WITH PREJUDICE** as there are no remaining claims.

A judgment will follow.

**IT IS SO ORDERED.**

Thomas B. Russell, Senior Judge
United States District Court

cc: counsel

October 4, 2019